HON. MORTON GREENSPAN Deputy Superintendent, Insurance Department
This is in reply to your request concerning the statutory duties imposed upon the Superintendent of Insurance by chapter 738 of the Laws of 1977 which added § 22 to the General Municipal Law and § 33-a to the Insurance Law. As the result of these amendatory additions, you specifically inquire as to whether the Superintendent of Insurance is now required to: (1) "maintain only an index of tax districts", or (2) "maintain both an index of tax districts and an index of liens against the proceeds of a policy of fire insurance filed by the tax districts".
Upon review of the cited legislation and its legislative history which sets forth the reasons for its enactment, the legislative history (see legislative memoranda submitted by the introducers of the legislation) discloses that arson has been on the increase in this State and the legislation is designed to eliminate the profit derived from moneys payable under fire insurance policies. The statute would accomplish this by affording tax districts the opportunity to file notices of intention to claim against fire insurance proceeds and limiting payment of such proceeds to the insured to the extent that they are in excess of amounts due but unpaid to the tax districts of the State on real property taxes, assessments and other tax liens. The claims of the tax districts constitute, under the statute, liens prior to all other except recorded mortgages named in the fire insurance policies. These tax district claims are to be filed with the Superintendent of Insurance within a prescribed time, or they will terminate. Consequently, the Amendments to the General Municipal Law and the Insurance Law also mandate that adequate indices are to be kept by the Superintendent accurately reflecting the filing of such claims against fire insurance proceeds and such filing constitutes constructive notice to the fire insurance companies of such liens upon entry thereof in the indices.
I concur with your conclusion that the Superintendent of Insurance must maintain both indices. While the language contained in § 22 supra,
differs from the language contained in § 33-a, supra, since § 22 refers to an "index of liens" whereas § 33-a refers to an "index of tax districts", nevertheless, the sections are in pari materia and general rules of statutory construction require that they be construed together in order to effectuate the legislative intent and the purpose for which they were enacted. Thus, both sections are cross referenced and interrelated. Section 22 (3) provides, as follows:
 "3. Upon the adoption of a resolution by the governing body providing therefor, the collecting officer of the tax district shall cause a notice of intention to claim against proceeds to be served upon the state superintendent of insurance for entry in the index of liens maintained by him as provided in section thirty-three-a of the insurance law. Thereafter the collecting officer shall render to any insurer the certificate required and in the manner prescribed by such section and the amounts stated in such certificate shall be a lien on the proceeds of the insurance policy until paid." (Emphasis added.) and § 33-a provides:
 "§ 33-a. Superintendent to maintain index of claims and liens; insurers' requirements. 1. The superintendent shall maintain a suitable index of tax districts which, pursuant to the provisions of section twenty-two of the general municipal law, file with him notice of intention to claim against the proceeds of a policy of fire insurance insuring the interest of an owner in any premises located therein against which a lien for real property taxes or other municipal charges exist.
 "2. The index provided for herein shall be kept current on a daily basis and shall be available for public inspection during regular business hours. It shall contain such information as the superintendent deems appropriate.
 "3. Every notice from a tax district received by the superintendent shall become effective on the thirtieth day next succeeding the date of entry thereof in such index and shall constitute constructive notice to each insurer of the tax district's claim against any proceeds payable pursuant to the provisions of any insurance policy subject to the provisions of section one hundred sixty-eight-c of this chapter.
 "4. Prior to the payment of any proceeds of a policy of insurance for damages caused by fire to real property, as such term is defined in section twenty-two of the general municipal law, each insurer shall notify the collecting officer of each tax district in which the property is located and which is entered in the index that a loss has been sustained and demand that such officer's certificate indicating the amount of all liens of the district against the property, including interest and penalties to the date of the certificate, be served, at a specified address, in person or by registered or certified mail, upon the insurer; within twenty days from the date of mailing such demand.
 "5. Upon the failure of the collecting officer to serve the certificate of lien in accordance with subdivision four hereof the right of the tax district to claim against any such proceeds shall terminate. Within ten days of receipt of such certificate of lien and a final determination of the insurer's obligation to pay such proceeds, the insurer shall pay therefrom the amounts specified in the certificate to the collecting officer". (Emphasis added.)
Since the Superintendent of Insurance is charged with the administration and application of chapter 738, he has a statutory responsibility of complying with all of its provisions as the Legislature intended him to do, both expressly and impliedly under its terms.
It seems clear to me that the chapter imposes upon him a statutory duty of maintaining an index, in addition to the mere tax district index, in order for him to record therein "on a daily basis" and "available for public inspection" and that notice of entry of liens are required to be made "in such index" under both the amendments to the General Municipal Law as well as the Insurance Law which are cross referenced to each other.
I am of the opinion, therefore, that chapter 738 of the Laws of 1977 expressly and impliedly requires the Superintendent of Insurance to maintain both an index of tax districts as well as an index of liens for appropriate entries therein as required.